KERRY M. L. SMITH, OSB# 88103
SMITH & FJELSTAD
722 N. Main Avenue
Gresham, Oregon   97030
Telephone: (503)669-2242
Facsimile: (503)669-2249
smithandfjelstad@frontier.com

LISA A. AMATO, OSB# 920253
WYSE KADISH LLP
621 SW Morrison, Suite 1300
Portland, Oregon   97205
Telephone: (503) 228-8448
Facsimile: (503) 273-9135
laa@wysekadish.com

          Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MESERET T. SADO d.b.a. JBS Residential Living Program,<br><br>                Plaintiff,<br><br>     v.<br><br>MULTNOMAH COUNTY; and BARBARA SOUTHARD, KAREN CURRY, SHARI DAVIS, and SHARELL COLLINS in their individual capacities,<br><br>                Defendants. | Civ. No. 10-1050-ST<br><br>SECOND AMENDED COMPLAINT<br><br>42 U.S.C. § 1983 (Equal Protection, Freedom of Speech, Substantive Due Process); Intentional Infliction of Emotional Distress; Intentional Interference with Economic Relations; 42 U.S.C. § 1981<br><br>JURY TRIAL DEMANDED |

          Ms. Sado alleges:

PAGE 1 - SECOND AMENDED COMPLAINT

## NATURE OF THE ACTION

1.  This is an action against the individual defendants for damages under 42 U.S.C. § 1983 to correct Equal Protection Freedom of Speech and Substantive Due Process violations. This is also an action under 42 U.S.C. § 1981 to correct the interference with Ms. Sado's contractual relationship with Multnomah County.

2.  This is also an action against all defendants under state common law for intentional infliction of emotional distress and intentional interference with economic relations.

## JURISDICTION AND VENUE

3.  The court has subject matter jurisdiction over the federal law claims under 28 U.S.C. §§ 1331.

4.  The court has ancillary jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). Both the federal and state law claims arise from a common nucleus of operative facts such that they ordinarily would be expected to be tried in one judicial proceeding.

5.  The actions alleged were committed in the District of Oregon and venue is proper under 28 U.S.C. § 1391.

## PARTIES

6.  Plaintiff, Ms. Sado, is a citizen of the United States, the State of Oregon and Multnomah County, who, at all material times, was doing business as JBS Residential Living Program. Ms. Sado's national origin is Ethiopian.

7.  At all material times, Ms. Sado operated 24-Hour Residential Services Facilities at 17645 E. Burnside, Portland, Oregon (Burnside) and 10615 NE Eugene, Portland, Oregon (Eugene) under a contract with Multnomah County.

PAGE 2 - SECOND AMENDED COMPLAINT

8. At all material times, The State of Oregon Department of Human Services and Multnomah County directed the provision of services by plaintiff at Burnside and Eugene.

9. At all material times, Ms. Southard was the Licensing Manager, Office of Licensing and Quality Care, for the State of Oregon. Ms. Southard's actions, as alleged, were taken as an agent of The State of Oregon and/or in her individual capacity.

10. At all material times Karen Curry, Shari Davis and Sharell Collins were employees of Multnomah County and conducted site inspections at Burnside and/or Eugene. The actions of Ms. Curry, Ms. Davis and Ms. Collins, as alleged, were taken as agents of Multnomah County and/or in their individual capacities.

**STATEMENT OF KEY FACTS**

9. On or about June 16, 2008, Ms. Southard approved Ms. Sado to provide 24-Hour Residential Services at Eugene (Eugene Approval).

10. On or about November 26, 2008, Ms. Southard approved Ms. Sado to provide 24-Hour Residential Services at Burnside (Burnside Approval).

11. Following the Eugene Approval and the Burnside Approval, defendants Curry, Davis and Collins conducted, on one or more occasions, site inspections at Eugene and/or Burnside.

12. Subsequent to the site inspections, defendants Curry, Davis and Collins generated false reports that Eugene and Burnside were not in compliance with applicable Oregon Administrative Rules.

13. Defendant Southard failed to properly verify the site inspection reports of defendants Curry, Davis and Collins.

PAGE 3 - SECOND AMENDED COMPLAINT

14.  Defendant Southard improperly rejected Ms. Sado's efforts to demonstrate that the reports of defendants Curry, Davis and Collins were false.

15.  Ms. Southard improperly issued Notice of Immediate Suspension, First Amended Notices of Immediate Suspension and Second Amended Notices of Immediate Suspension (Notices) of the 24-Hour Residential Services Facility licenses issued to Ms. Sado for Eugene and Burnside.

16.  As a result of the Notices Ms. Southard issued, all residents were removed from Eugene and Burnside.

17.  Ms. Sado sought reinstatement of her 24-Hour Residential Services Facility Licenses for Eugene and Burnside and sought withdrawal of the Notices.

18.  Despite Ms. Sado's demonstration that the Notices were improvidently issued and that the 24-Hour Services Facility Licenses for Eugene and Burnside should be reinstated, Ms. Southard failed and refused to with draw the Notices.  Ms. Southard also failed and refused to reinstate the 24-Hour Services Facility Licenses for Eugene and Burnside.

19.  As a result of actions of defendants, all residents were removed from Eugene and Burnside.

20.  Ms. Sado suffered lost contractual benefits and severe emotional distress because of defendants' unlawful actions.

21.  Ms. Sado has satisfied the notice requirements of the Oregon Tort Claims Act for her state law claims against the named public defendants.

PAGE 4 - SECOND AMENDED COMPLAINT

**FIRST CLAIM FOR RELIEF**

42 U.S.C. § 1983 Denial of Equal Protection

Against the Individual Defendants

22. Ms. Sado incorporates the allegations in paragraphs 1 through 21.

23. The individual defendants, acting under of color of state law, treated Ms. Sado differently than other similarly situated individuals by falsely reporting violations at Eugene and/or Burnside and/or by recommending immediate suspension of the 24-Hour Residential Services Facility licenses for Eugene and/or Burnside based on the alleged violations. Defendants took this action because of Ms. Sato's national origin and/or without a rational basis for taking the action.

24. Defendants' conduct was reckless and in wilful disregard of plaintiff's well-established constitutional right to equal protection of the law guaranteed by the Fourteenth Amendment to the United States Constitution.

25. Plaintiff suffered lost income, future lost income and other economic damages as well as severe emotional distress due to the different treatment.

26. Ms. Sado is entitled to her reasonable costs and attorney fees pursuant to 42 U.S.C. § 1988.

27. Ms. Sado is entitled to punitive damages, because the actions of the individually named defendants, as outlined above, were motivated by malicious intent or involved reckless or callous indifference to Ms. Sado's federally protected rights.

PAGE 5 - SECOND AMENDED COMPLAINT

## SECOND CLAIM FOR RELIEF

## 42 U.S.C. § 1983 Denial of First Amendment Rights

### Against the Individual Defendants

28. Ms. Sado incorporates paragraphs 1 through 21.

29. The individually named defendants, acting under color of law, retaliated against Ms. Sado because she exercised her constitutionally protected right to speak freely, by improperly recommending and/or implementing the immediate suspension of the 24-Hour Residential Facility licenses for Eugene and Burnside after she objected to the false and/or incomplete reports of violations at Eugene and Burnside.

30. Ms. Sado's conduct was the exercise of her First Amendment rights.

31. Defendants' conduct was reckless and in willful disregard of plaintiff's well-established constitutional free speech rights guaranteed by the First Amendment to the United States Constitution.

32. Ms. Sado suffered lost income, future lost income and other economic damages as well as severe emotional distress as a result of defendants' unlawful actions.

33. Pursuant to 42 U.S.C. § 1988, Ms. Sado is entitled to her reasonable costs and attorney fees in bringing this action.

34. Ms. Sado is entitled to punitive damages, because the actions of the individually named defendants, as outlined above, were motivated by malicious intent or involved reckless or callous indifference to plaintiff's federally protected rights.

SMITH & FJELSTAD
722 N. Main Ave
Gresham, Oregon 97030
Telephone: (503) 669-2242 \ Facsimile: (503) 669-2249

**THIRD CLAIM FOR RELIEF**

42 U.S.C. § 1983 Denial of Substantive Due Process Rights

Against the Individual Defendants

35.  Ms. Sado incorporates paragraphs 1 through 21.

36.  Ms. Sado, at all material times, had a protected liberty and/or protected property interest in her chosen profession and/or contract of providing 24-Hour residential care.

37.  The named individual defendants, acting under color of law, deprived Ms. Sado of this right by suspending the 24-Hour Residential Services Facility licenses for Eugene and Burnside.

38.  Defendants' actions were arbitrary, lacked a rational basis and were motivated by malice toward plaintiff.

39.  Defendants' conduct was reckless and in willful disregard of plaintiff's well-established constitutional right to substantive due process prior to the deprivation of a recognized liberty and/or property interest.

40.  Ms. Sado suffered lost income, future lost income and other economic damages as well as severe emotional distress as a result of defendants' unlawful actions.

41.  Pursuant to 42 U.S.C. § 1988, Ms. Sado is entitled to her reasonable costs and attorney fees in bringing this action.

42.  Ms. Sado is entitled to punitive damages, because the actions of the individually named defendants, as outlined above, were motivated by malicious intent or involved reckless or callous indifference to plaintiff's federally protected rights.

SMITH & FJELSTAD
722 N. Main Ave
Gresham, Oregon 97030
Telephone: (503) 669-2242 \ Facsimile: (503) 669-2249

## FOURTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

### Against Multnomah County

43. Ms. Sado incorporates paragraphs 1 through 42.

44. The actions of defendant Multnomah County at its agents/employees Curry, Davis and Collins, as set forth above constituted outrageous conduct that was an extraordinary transgression of the bounds of socially tolerable conduct.

45. Defendant Multnomah County intended to cause, or knew with substantial certainty that the outrageous conduct would cause, Ms. Sado severe emotional distress.

46. Ms. Sado suffered severe emotional distress from defendants' outrageous conduct.

47. Ms. Sado is entitled to recover her damages which resulted from these actions.

## FIFTH CLAIM FOR RELIEF

### 42 U.S.C. § 1983 Failure to Supervise

### Against Multnomah County

48. Ms. Sado incorporates paragraphs 1 through 42.

49. At all material times Multnomah County had a legal duty to supervise Karen Curry, Shari Davis and Sharell Collins. At the relevant times, Multnomah County failed to supervise these individuals, which lack of supervision caused the constitutional violations asserted in this First Amended Complaint.

50. Ms. Sado suffered lost income, future lost income and other economic damages as well as severe emotional distress as a result of defendant Multnomah County's failure to supervise these individuals.

PAGE 8 - SECOND AMENDED COMPLAINT

51.  Pursuant to 42 U.S.C. § 1988, Ms. Sado is entitled to recover her reasonable costs and attorney fees in bringing this action.

## SIXTH CLAIM FOR RELIEF

## 42 U.S.C. § 1981 Race/National Origin Discrimination

### Against All Defendants Except the State of Oregon

52.  Ms. Sado incorporates paragraphs 1 through 51.

53.  All defendants engaged in the discriminatory practices alleged against Ms. Sado because of her race/national origin.

54.  Ms. Sado suffered lost income, future lost income and other economic damages as well as severe emotional distress as a result of defendants' unlawful actions.

55.  Ms. Sado is entitled to punitive damages, because the actions of the individually named defendants, as outlined above, were motivated by malicious intent or involved reckless or callous indifference to plaintiff's federally protected rights.

56.  Pursuant to 42 U.S.C. § 1988, Ms. Sado is entitled to recover her reasonable costs and attorney fees in bringing this action.

WHEREFORE, Ms. Sado prays for judgment as follows:

1. **FIRST CLAIM FOR RELIEF**: For economic and non-economic damages to be determined at trial, all compensatory and punitive damages provided by law, and, pursuant to 42 U.S.C. § 1988, plaintiff's reasonable costs and attorney fees in bringing this action, expert witness fees and costs incurred herein;

2. **SECOND CLAIM FOR RELIEF**:  For economic and non-economic damages to be determined at trial, all compensatory and punitive damages provided by law, and, pursuant to 42

PAGE 9 - SECOND AMENDED COMPLAINT

U.S.C. § 1988, plaintiff's reasonable costs and attorney fees in bringing this action, expert witness fees and costs incurred herein;

3. **THIRD CLAIM FOR RELIEF**:  For economic and non-economic damages to be determined at trial, all compensatory and punitive damages provided by law, and, pursuant to 42 U.S.C. § 1988, plaintiff's reasonable costs and attorney fees in bringing this action, expert witness fees and costs incurred herein;

4. **FOURTH CLAIM FOR RELIEF**:  For economic and non-economic damages to be determined at trial, and all compensatory provided by law;

5. **FIFTH CLAIM FOR RELIEF**:  For economic and non-economic damages to be determined at trial, all compensatory and punitive damages provided by law, and, pursuant to 42 U.S.C. § 1988, plaintiff's reasonable costs and attorney fees in bringing this action, expert witness fees and costs incurred herein;

6. **SIXTH CLAIM FOR RELIEF**: For economic and non-economic damages to be determined at trial, all compensatory and punitive damages provided by law, and, pursuant to 42 U.S.C. § 1988, plaintiff's reasonable costs and attorney fees in bringing this action, expert witness fees and costs incurred herein; and

7. For such other relief as this court deems just and equitable.

/////

/////

/////

/////

/////

PAGE 10 - SECOND AMENDED COMPLAINT

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and

fact raised by this Complaint.

Dated: January 6, 2011.

SMITH & FJELSTAD

By: /s/ Kerry M. L. Smith
Kerry M. L. Smith
OSB No. 88103
Lisa A. Amato
OSB No. 920253
Of Attorneys for Plaintiff

PAGE 11 - SECOND AMENDED COMPLAINT