JOHN R. KROGER
Attorney General
JAMES S. SMITH #84093
Senior Assistant Attorney General
JUSTIN EMERSON KIDD #094070
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: James.S.Smith@doj.state.or.us
       Justin.Kidd@doj.state.or.us

Attorneys for Defendant Barbara Southard

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MESERET T. SADO, doing business as JBS Residential Living Program,<br><br>Plaintiff,<br><br>v.<br><br>MULTNOMAH COUNTY; and BARBARA SOUTHARD; KAREN CURRY; SHARI DAVIS; and SHARRELL COLLINS, in their individual capacities,<br><br>Defendants. | Case No. 3:10-cv-01050-ST<br><br>STIPULATED PROTECTIVE ORDER |

The parties having agreed that all forms of discovery, hearing, and trial might require disclosure of privileged or confidential information that is currently maintained by DHS. Any privileged or confidential information hereafter produced by Defendant Southard in discovery, and testimony or hereafter obtained in discovery from any party requires protection against

Page 1 - STIPULATED PROTECTIVE ORDER
JSS/cbh/2664129-v1

unrestricted disclosure and use. The Parties jointly move this Court for a Protective Order establishing a process for the discovery of confidential or privileged records as set forth herein.

It is hereby ORDERED that, with respect to disclosure of information and documents, hereafter produced by the parties in discovery and testimony or information hereafter obtained in discovery from any party about those documents, or disclosures, their contents:

1. This Order applies to all forms of discovery conducted in the above-captioned case, including but not limited to requests for production of documents and responses thereto, depositions, and requests for admissions; made in the discovery process of this matter, whether before or after the date of this Order.

2. Plaintiff, Defendant, and non-parties (including non-party agencies of the State of Oregon) may, at their discretion, rely upon this Order, and invoke the process established herein, as a means to fully comply with any subpoenas *duces tecum* served upon them which call for the production of potentially privileged or confidential documents.

3. Nothing in the terms of this Order shall prevent any non-party, including any non-party State agency, from choosing to respond to subpoenas *duces tecum* as may otherwise be provided in the Oregon Rules of Civil Procedure.

4. "Confidential" records are those records designated by Oregon or Federal law as records that must be kept confidential, including but not limited to records containing information about an individual or recipient of DHS services, records regarding his or her social history (including family and personal history).

5. "Privileged" records are those records that are privileged as a matter of law, including but not limited to records containing; attorney-client communications; information about a person's medical history or condition, his or her mental health history or condition (including psychological, psychiatric and counseling records and his or her predicted future condition or status); marital communications and clergy communications.

Page 2 -   STIPULATED PROTECTIVE ORDER
JSS/cbh/2664129-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

6. This Order is to include any and all documents regarding the complainant which resulted in an investigation into JBS and any other group home facility.

7. If Plaintiff requests privileged records that are within Defendant's control, and Defendant objects, in writing, to the production of those documents, then the Defendant, upon Plaintiff's request, shall provide those records, under seal, to the Court for *in camera* review, along with a privilege log generally describing the record at issue and the nature of the objection or privilege asserted.

8. The Court shall conduct an *in camera review* of documents which, pursuant to paragraph 6 above, have been identified as disputed, potentially privileged documents. The Court shall consider the disputed documents along with all memoranda and objections, and, thereafter, shall issue an appropriate Order regarding the matters in dispute. The Court will determine whether the records submitted under seal are: (1) reasonably could be expected to lead to the discovery of relevant evidence; (2) privileged; and (3) of the type that should or should not be released to the requesting party. Records that are privileged may not be released, absent a showing by the requesting party either that an exception to the privilege applies, or that the requesting party has obtained a valid release signed by the person(s) holding the privilege.

9. Upon completion of the *in camera* review process, all records the Court orders not to be produced shall be re-sealed by court staff and shall be placed in the Court's file for further appellate review, with an appropriate annotation on the outside of the envelope advising the Clerk that the files are confidential, sealed, and not for public inspection.

10. Records that are confidential but not privileged may be released, subject to this protective order.

11. All confidential and privileged records exchanged in the discovery of this case, or that otherwise come into the possession of the parties, counsel, their expert witnesses and staff, shall be subject to the following protective orders:

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

a) The entries in the aforesaid pleadings or documents shall be designated as confidential by marking each page with the entry "CONFIDENTIAL PROTECTIVE ORDER". Possession of entries so marked shall be restricted to the following persons:

    A.    Counsel of record in this action.

    B.    Clerical personnel and paralegals employed by said counsel in the ordinary course of assisting said counsel.

    C.    Independent experts not regularly employed by or associated with the parties, insofar as counsel may deem it necessary for preparation for trial to consult with independent experts hired for that purpose.

    D.    Court personnel, including stenographic reporters.

    E.    As indicated above, it is understood that plaintiffs' counsel is to have access to the documents produced. Counsel has the right to review these documents with the client for the purpose of litigation. Counsel's right to review these documents with the client is limited to direct preparation of this litigation, and at no time is the client, or any other party not specifically designated, to make copies or take these documents out of the presence of plaintiff's counsel. Further, apart from plaintiff counsel's review of the protected documents with his client, he is prohibited from discussing or revealing the contents of these documents to persons not designated above.

b) If a confidential or privileged record is discussed in a deposition, or attached thereto as an exhibit, the deposition transcript and all exhibits thereto shall be considered a confidential or privileged record for purposes of this Order, and shall be so designated on the face thereof.

c) Absent further order of this Court, no confidential or privileged record may be used in pre-trial proceedings herein unless it is submitted to the Court in a sealed envelope, with a copy of the protective order affixed to the outside of the envelope.

Page 4 -   STIPULATED PROTECTIVE ORDER
JSS/cbh/2664129-v1

d) A party submitting confidential or privileged records to the Court shall be responsible for complying with UTCR 2.100 in all state court proceedings and Federal Local Rules 3.8, 10.3 and 100.4 in all federal court proceedings.

e) Within thirty days from final termination of this action, plaintiff's counsel shall assemble and return to defendant's attorney all copies of the documents governed by this Order, and all summaries and abstracts thereof, and return all other materials, memoranda or documents embodying information said confidential and privileged information exchanged in the discovery of this case, or that otherwise come into the possession of the parties, Counsel, their expert witnesses and staff; provided, however, that plaintiff's counsel shall be permitted to keep intact and maintain his work product as part of his office files, subject to the provisions of this Order. Destruction shall suffice as an alternative to return of documents described in this paragraph. Receiving parties or their counsel shall provide written confirmation of such destruction within the time for return of said documents. The Date of final termination will be considered the date of any judgment or notice of dismissal being entered, or in the case where an appeal is possible, upon the expiration of the appeal process.

f) All privileged or confidential information and documents, as well as duplicates, notes, memoranda and other documents referring in whole or in part to the files shall be maintained in strictest confidence by the parties, counsel and all other persons referenced in paragraph a. No such confidential material shall be used for any purpose other than this case. Actions or decisions taken or not taken in or specifically regarding this case because of the knowledge gained from the materials are not considered a prohibited "use of the materials." Counsel shall be responsible for informing all persons to whom confidential information is disclosed of the existence

Page 5 - STIPULATED PROTECTIVE ORDER
JSS/cbh/2664129-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

of the contents of this Order and to obtain their written agreement not to disclose the confidential information or violate the terms of this order.

13. Any non-party State agency, upon whom is served a subpoena *duces tecum* for the production of potentially privileged records, may request that the Attorney General invoke the *in camera* review process on its behalf.

14. The parties intend for the terms of this Order to survive and extend past the conclusion of this case.

IT IS SO STIPULATED:

_____  DATED: April 11, 2011
JUSTIN EMERSON KIDD #094070
Of Attorney for Defendants

_____  DATED: 5-2-11
KERRY M. L. SMITH #881033
Of Attorney for Plaintiff

_____  DATED: May 31, 2011
LISA A. AMATO #920253
Of Attorney for Plaintiff

_____  DATED: 5/19/11
PATRICK W. HENRY #933040
HENRY CHIP LAZENBY, JR. #820784
Of Attorney for Plaintiff

## ORDER

This motion is:

ALLOWED: _____

DENIED: _____

Page 6 -   STIPULATED PROTECTIVE ORDER
JSS/cbh/2664129-v1

DATED this ____ day of _____, 2011.

_____
JANICE M. STEWART

Page 7 -   STIPULATED PROTECTIVE ORDER
JSS/cbh/2664129-v1
                            Department of Justice
                            1162 Court Street NE
                            Salem, OR 97301-4096
                        (503) 947-4700 / Fax: (503) 947-4791